MATTHEW D. ZINN (State Bar No. 214587)
EDWARD T. SCHEXNAYDER (State Bar No. 284494)
MINDY K. JIAN (State Bar No. 336139)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone: (415) 552-7272
Facsimile: (415) 552-5816
Zinn@smwlaw.com
Schexnayder@smwlaw.com
Mjian@smwlaw.com

Attorneys for Defendants and Respondents
Alameda County and Alameda County Board
of Supervisors

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

CALIFORNIA APARTMENT ASSOCIATION, STEPHEN LIN, RAKESH and TRIPTI JAIN, ALISON MITCHELL, MICHAEL HAGERTY, & H. ALEX and DANNIE ALVAREZ,

Plaintiffs and Petitioners,

v.

COUNTY OF ALAMEDA, BOARD OF SUPERVISORS OF THE COUNTY OF ALAMEDA, and DOES 1-25,

Defendants and Respondents.

Case No. 3:22-cv-02705-LB
(Related Case No. 3:22-cv-01274-LB)

**ANSWER OF DEFENDANTS AND RESPONDENTS COUNTY OF ALAMEDA AND BOARD OF SUPERVISORS OF THE COUNTY OF ALAMEDA**

The Hon. Laurel Beeler

Trial Date: none set

Defendants and Respondents County of Alameda and Board of Supervisors of the County of Alameda (collectively "County") answer the Complaint for Damages, Injunctive, and Declaratory Relief and Petition for Writ of Mandate ("Complaint") filed by Plaintiffs and Petitioners California Apartment Association ("CAA") et al. on May 5, 2022 as follows:

1. In response to Paragraph 1, the County admits that Plaintiffs filed the Complaint and asserts that the Complaint speaks for itself.

**ANSWERING JURISDICTIONAL STATEMENT**

2. In response to Paragraph 2, the County admits that Plaintiffs allege claims under the United States Constitution and laws and under 42 U.S.C. § 1983. The remaining allegations in Paragraph 2 contain only legal arguments or conclusions, which do not require a response.

**ANSWERING VENUE**

3. In response to Paragraph 3, the County admits that its enactment and implementation of the Moratorium occurred in this District. The County lacks sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations and on that basis denies them. The County asserts that the remaining allegations in Paragraph 3 contain only legal arguments or conclusions, which do not require a response.

**ANSWERING DIVISIONAL ASSIGNMENT**

4. In response to Paragraph 4, the County denies the allegations in that paragraph.

**ANSWERING PARTIES**

5. In response to Paragraph 5, the County admits the allegations in that paragraph.

6. In response to Paragraph 6, the County admits the allegations in that paragraph.

7. In response to Paragraph 7, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

8. In response to Paragraph 8, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

9. In response to Paragraph 9, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

10. In response to Paragraph 10, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

11. In response to Paragraph 11, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

12. In response to Paragraph 12, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

13. In response to Paragraph 13, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

14. In response to Paragraph 14, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

**ANSWERING GENERAL FACTUAL ALLEGATIONS**

15. In response to Paragraph 15, the County asserts that Governor Newsom's March 4, 2020 State of Emergency declaration, Government Code §§ 8550 et seq., and Executive Order N-28-20 speak for themselves.

16. In response to Paragraph 16, the County admits that California's State of Emergency is still in place. Furthermore, the County asserts that Executive Orders N-04-22 and N-71-20 speak for themselves.

17. In response to Paragraph 17, the County asserts that the Covid-19 Tenant Relief Act, COVID-19 Small Housing Provider and Homeowner Relief Act of 2020, and Assembly Bill ("AB") 3088 speak for themselves. The County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 17 and on that basis denies them.

18. In response to Paragraph 18, the County asserts that AB 3088 and the State's unlawful detainer statutes speak for themselves.

19. In response to Paragraph 19, the County asserts that Executive Order N-28-20 and the statutes cited in that paragraph speak for themselves.

20. In response to Paragraph 20, the County asserts that the statutes cited in that paragraph speak for themselves.

21. In response to Paragraph 21, the County asserts that the statutes cited in that paragraph speak for themselves.

22. In response to Paragraph 22, the County asserts that the statutes cited in that paragraph speak for themselves.

23. In response to Paragraph 23, the County asserts that the resolutions and ordinances cited in that paragraph speak for themselves.

24. In response to Paragraph 24, the County asserts that the Moratorium and cited resolutions, ordinances, and proclamation speak for themselves. The County admits that the emergency still has not expired and that the Moratorium remains in effect.

25. In response to Paragraph 25, the County asserts that Emeryville Ordinance No. 20-017 speaks for itself. The County further admits that property owners in Emeryville are subject to the County's Moratorium.

26. In response to Paragraph 26, the County admits that property owners in Pleasanton are subject to the County's Moratorium. The County lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26 and on that basis denies them.

27. In response of Paragraph 27, the County asserts that the referenced Fremont City Council Executive Order and website speak for themselves.

28. In response to Paragraph 28, the County asserts that the referenced state laws speak for themselves.

29. In response to Paragraph 29, the County admits that it operates a rent relief assistance program called "Housing Secure." The County further asserts that the referenced website speaks for itself. The County denies the remaining allegations in Paragraph 29.

30. In response to Paragraph 30, the County admits that Emeryville operates a rent relief assistance program called the Emeryville Emergency Rental Assistance Program. The County further asserts that the website cited in Paragraph 30 speaks for itself.

31. In response to Paragraph 31, the County admits that Fremont operates a rent relief program called "Keep Fremont Housed." The County further asserts that the website cited in Paragraph 31 speaks for itself.

32. In response to Paragraph 32, the County asserts that the referenced website speaks for itself.

33. In response to Paragraph 33, the County asserts that the assistance programs, federal laws, and state laws cited in that paragraph speak for themselves. Furthermore, the County admits that the emergency declared by the County has lasted for over 24 months. The County denies the remaining allegations in Paragraph 33.

34. In response to Paragraph 34, the County asserts that the Moratorium speaks for itself. The County denies the remaining allegations in Paragraph 34.

35. In response to Paragraph 35, the County asserts that the Moratorium speaks for itself. To the extent Paragraph 35 contains any factual allegations, the County lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.

36. In response to Paragraph 36, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

37. In response to Paragraph 37, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

38. In response to Paragraph 38, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

39. In response to Paragraph 39, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

40. In response to Paragraph 40, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

41. In response to Paragraph 41, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

42. In response to Paragraph 42, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

43. In response to Paragraph 43, the County asserts that the Moratorium speaks for itself. The County lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 and on that basis denies them.

44. In response to Paragraph 44, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

45. In response to Paragraph 45, the County admits that Alison Mitchell submitted an application to the County's ERAP program and that the tenant failed to respond to the Country's requests for information and documentation. The County lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 45 and on that basis denies them.

46. In response to Paragraph 46, the County asserts that California Civil Code § 1788.66 speaks for itself. The County lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 46 and on that basis denies them.

47. In response to Paragraph 47, the County admits that Michael Hagerty's property manager applied to the County's ERAP program but the application was denied because the tenant was found to be ineligible. The County lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and on that basis denies them.

48. In response to Paragraph 48, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

49. In response to Paragraph 49, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

50. In response to Paragraph 50, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

51. In response to Paragraph 51, the County denies the allegations in that paragraph.

**ANSWERING FIRST CLAIM FOR RELIEF**

**(Violation of the 5th Amendment to the U.S. Constitution (Takings Clause) Against All Defendants (42 U.S.C. § 1983))**

52. In response to Paragraph 52, the County incorporates the previous paragraphs by this reference.

53. In response to Paragraph 53, the County asserts that the Fifth Amendment of the United States Constitution speaks for itself. The County denies the remaining allegations in Paragraph 53.

54. In response to Paragraph 54, the County asserts that the Moratorium and cited cases speak for themselves. The County denies the remaining allegations in Paragraph 54.

55. In response to Paragraph 55, the County asserts that the cases cited in that paragraph speak for themselves. The County denies the allegations in the first, second, fourth, and fifth sentences of Paragraph 55. The County lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 55 and on that basis denies them.

56. In response to Paragraph 56, the County denies the allegations in that paragraph.

57. In response to Paragraph 57, the County denies the allegations in that paragraph.

58. In response to Paragraph 58, the County denies the allegations in that paragraph.

**ANSWERING SECOND CLAIM FOR RELIEF**

**(Violation of Article I, Section 19 of the California Constitution (Inverse Condemnation) Against all Defendants)**

59. In response to Paragraph 59, the County incorporates the previous paragraphs by this reference.

60. In response to Paragraph 60, the County denies the allegations in that paragraph.

61. In response to Paragraph 61, the County denies the allegations in that paragraph.

62. In response to Paragraph 62, the County denies the allegations in that paragraph.

63. In response to Paragraph 63, the County denies the allegations in that paragraph.

**ANSWERING THIRD CLAIM FOR RELIEF**

**(Violation of Article I, § 10 of the U.S. Constitution (Impairment of Contracts) Against All Defendants (42 U.S.C. § 1983))**

64. In response to Paragraph 64, the County incorporates the previous paragraphs by this reference.

65. In response to Paragraph 65, the County asserts that the Contracts Clause of the United States Constitution speaks for itself. The County denies the remaining allegations in Paragraph 65.

66. In response to Paragraph 66, the County asserts that the Contracts Clause and the cited case speak for themselves.

67. In response to Paragraph 67, the County asserts that the cited cases speak for themselves.

68. In response to Paragraph 68, the County asserts that the cited case speaks for itself.

69. In response to Paragraph 69, the County asserts that the cited cases speak for themselves. The County denies the remaining allegations in Paragraph 69.

70. In response to Paragraph 70, the County asserts that the cited cases speak for themselves. The County denies the remaining allegations in Paragraph 70.

71. In response to Paragraph 71, the County denies the allegations in that paragraph.

72. In response to Paragraph 72, the County denies the allegations in that paragraph.

**ANSWERING FOURTH CLAIM FOR RELIEF**

**(Violation of the 14th Amendment to the U.S. Constitution (Due Process Clause) Against All Defendants (42 U.S.C. § 1983))**

73. In response to Paragraph 73, the County incorporates the previous paragraphs by this reference.

74. In response to Paragraph 74, the County admits that the Bay Area has seen significant improvement in circumstances relating to the pandemic since March of 2020 and has a relatively high rate of vaccinations. The County also admits that there are fewer restrictions on business and lower unemployment rates compared to the immediate economic impacts of the pandemic in early 2020. Furthermore, the County asserts that the COVID-19 Tenant Relief Act and referenced statements by federal and state officials speak for themselves. Except as so admitted and asserted, the County denies the allegations in Paragraph 74.

75. In response to Paragraph 75, the County denies the allegations in that paragraph.

76. In response to Paragraph 76, the County denies the allegations in that paragraph.

**ANSWERING FIFTH CLAIM FOR RELIEF**

**(Violation of Article XI, § 7 of the California Constitution (State Law Preemption) Against All Defendants (Cal. CCP § 1085))**

77. In response to Paragraph 77, the County incorporates the previous paragraphs by this reference.

78. In response to Paragraph 78, the County asserts that Article XI, § 7 of the California Constitution speaks for itself. The County denies the remaining allegations in Paragraph 78.

79. In response to Paragraph 79, the County asserts that the Ellis Act and the cited case speak for themselves. The County denies the remaining allegations in Paragraph 79.

80. In response to Paragraph 80, the County denies the allegations in that paragraph.

**GENERAL DENIAL**

81. The County denies all allegations in the Complaint except those specifically admitted in the preceding paragraphs.

**AFFIRMATIVE DEFENSES**

The County asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiffs' Complaint fails in whole or in part to state claims upon which relief can be granted and should be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**SECOND AFFIRMATIVE DEFENSE**

**(Ripeness)**

Plaintiffs' Complaint is barred in whole or in part because there is presently no injury resulting from or caused by the County, there is no injury suffered by Plaintiffs or CAA members, and there is no current case or controversy. Thus, Plaintiffs' claims are not ripe for adjudication.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs lack standing to assert their claims in whole or in part because they have not suffered an (1) injury in fact (2) that is fairly traceable to the County's conduct and (3) that is likely to be redressed by a favorable decision.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiffs' claims are barred, in whole or in part by Plaintiffs' failure to properly raise them in the underlying administrative proceedings.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims are barred because Plaintiffs have failed to assert their claims in a timely fashion, resulting in prejudice to the County.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or CAA's members have waived their claims or are estopped from asserting them.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Raise Additional Defenses)**

The County reserves the right to amend should any further defenses become apparent in the course of this action.

**PRAYER FOR RELIEF**

WHEREFORE, the County prays for judgment as follows:

1. That the Court deny Plaintiffs' requests for relief;
2. That Plaintiffs take nothing by this suit;
3. That the Court enter judgment in the County's favor;
4. That the County be awarded its costs of suit; and
5. That the Court grant the County such further relief as the Court may deem proper.

DATED: June 7, 2022

SHUTE, MIHALY & WEINBERGER LLP

By: /s/Matthew D. Zinn

MATTHEW D. ZINN
EDWARD T. SCHEXNAYDER
MINDY K. JIAN

Attorneys for Defendants and Respondents Alameda County and Alameda County Board of Supervisors