ANDREW M. ZACKS (SBN 147794)
EMILY L. BROUGH (SBN 284943)
ZACKS, FREEDMAN & PATTERSON, PC
1970 Broadway, Suite 1270
Oakland, CA 94612
Tel: (510) 469-0555
az@zfplaw.com
emily@zpflaw.com

Attorneys for Plaintiffs and Petitioners
JOHN WILLIAMS
ROBERT VOGEL
SHEANNA ROGERS
MICHAEL LOEB
JACQUELINE WATSON-BAKER
HOUSING PROVIDERS OF AMERICA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JAQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501(c)(4) non-profit Corporation,<br><br>Plaintiffs and Petitioners,<br><br>vs.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL and DOES 1-10,<br><br>Defendants and Respondents.<br><br>ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION,<br><br>Intervenor. | Case Number: 3:22-cv-01274<br><br>**JOINT SUBMISSION RE JUNE 2, 2022 DOCKET ORDER**<br><br>Complaint filed March 1, 2022 |

Pursuant to the Court's June 2, 2022 Docket Order, Plaintiffs and Petitioners JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JACQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA (collectively, "Williams Plaintiffs"), Plaintiffs and Petitioners CALIFORNIA APARTMENT ASSOCIATION, STEPHEN LIN, RAKESH and TRIPTI JAIN, ALISON MITCHELL, MICHAEL HAGERTY, & H. ALEX and DANNIE ALVAREZ (collectively, "CAA Plaintiffs") in related case *California Apartment Association et al. vs. County of Alameda et al.* Case No. 4:22-cv-02705 ("CAA Action"), and Defendants and Respondents ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS (collectively, "County Defendants"), CITY OF OAKLAND, and OAKLAND CITY COUNCIL (collectively, "City Defendants") and Intervenor ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION ("Intervenor Defendant") submit the following Joint Submission:

**Plaintiffs**

The Williams Plaintiffs, CAA Plaintiffs, and the County Defendants, City Defendants, and Intervenor Defendant (collectively, "Defendants") met and conferred about the schedule for this action and the CAA Action on June 7, 2022. The Williams Plaintiffs and the CAA Plaintiffs (collectively, "Plaintiffs") presented an identical proposed schedule for both actions. The parties regrettably could not come to an agreement.

Defendants' collective position is that they should have more time to brief their opposition to Plaintiffs' Rule 56 motion re: bifurcated claims than is provided for under the Federal and Local Rules. Plaintiffs do not agree that the usual five-week hearing schedule should be extended to provide for "extra" briefing time, and specifically object to Defendants' attempt to delay things further because Plaintiffs continue to suffer harm on a daily basis as a result of the challenged moratoriums. Plaintiffs have already built time into their proposed motion schedule to account for the parties meeting and conferring on a Joint Statement of Undisputed Facts prior to filing their opening brief, pursuant to the Court's Standing Order. There is simply no good cause to

deviate from hearing the Rule 56 motion re: bifurcated claims on the normal five-week hearing schedule, and Plaintiffs would be prejudiced by further delay.

Counsel for Intervenor (only a party to the Williams Action) also stated that he had conflict regarding a trial starting on August 8, 2022, but that is four days *after* Defendants' opposition is due. Further, when the Williams Plaintiffs and Intervenor Defendant were conferring about a stipulated intervention in this case, it was represented to the Williams Plaintiffs that Intervenor Defendant would not delay the proceedings, which Intervenor Defendant appears to be attempting to do, and which the Williams Plaintiffs expressly object to. Notwithstanding, Plaintiffs are amenable to providing several extra days to account for Intervenor Defendant's counsel pretrial preparation, which is reflected in the schedule below.

Defendants also requested that discovery and initial disclosure deadline be extended in Plaintiffs' proposed schedule. The Williams Plaintiffs are agreeable to reasonable extensions, so long as they do not affect Plaintiffs desired trial date of April 12, 2023. Plaintiffs therefore propose the following schedule:

- Rule 56 Motion re: bifurcated claims; filed no later than July 18, 2022 (Opposition due August 4, 2022; Reply due August 11, 2022)
- Motion re bifurcated claims hearing: August 25, 2022
- Initial disclosure/ADR/discovery plan deadline: four weeks after Court rules on Rule 56 Motion re: bifurcated claims
- Fact Discovery Closes: January 24, 2023
- Expert Disclosures Due: January 24, 2023
- Rebuttal Disclosures Due: February 14, 2023
- Expert Discovery Closes: March 9, 2023
- Last Day to Hear Dispositive Motions: March 9, 2023
- Pre-Trial Conference: March 28, 2023
- Trial Starts: April 12, 2023

**CAA Plaintiffs**

The CAA Plaintiffs agree that the further delay in briefing on Plaintiffs' respective motions threatens ongoing harm to the Plaintiffs in both cases and all other landlords in Alameda County. They accordingly join in the Williams Plaintiffs' proposed schedule.

**Alameda County and City of Oakland Defendants**

Plaintiffs in the *Williams* and *California Apartment Association* cases and the three Defendant parties met and conferred on Tuesday, June 7, regarding a proposed briefing schedule for Plaintiffs' motion for summary judgment on their facial and writ claims. Following that meeting, Plaintiffs put forth the proposed schedule they include here, which proposal they shared with Defendants less than five hours before the deadline to file this joint submission. Plaintiffs' proposed schedule is unreasonably compressed and disregards Defendants' legitimate concerns.

Plaintiffs intend to file a dispositive motion on the most consequential claims in this case in the height of the summer season, in a case that requires the coordination of five separately represented parties. Yet, although Plaintiffs have had months to prepare their motions, they insist that Defendants have two weeks, in late July and early August, to prepare their oppositions. Counsel for Alameda County will have to prepare two oppositions (one in the *Williams* case and one in the *California Apartment Association* case) in that time period. Defending even one—much less two—dispositive motions on claims of such extraordinary import is simply not feasible on a two-week timeline.

Plaintiffs' proposed timing is not only unnecessarily compressed, but also conflicts with pre-existing commitments. Lead counsel for the City and County each have work commitments and preplanned vacations in July that would make working ahead on their oppositions impracticable. Most significantly, Intervenor Alliance of Californians for Community Empowerment (ACCE) has indicated that its lead counsel has a trial beginning August 9 through the week of August 22. Because ACCE's counsel will be consumed with trial preparations in the weeks leading up to that trial, including the two weeks that Plaintiffs' proposal allows for Defendants' oppositions, ACCE has requested, as a reasonable accommodation, that oppositions be due on September 8. The City and County Defendants

ZACKS, FREEDMAN & PATTERSON, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

fully support that request. An opposition due date of September 8 would also be more equitable, as it would give Defendants seven weeks after receiving Plaintiffs' motions to prepare their oppositions, which is the same amount of time Plaintiffs will have between the CMC on June 2 and their motion date of July 21. Plaintiffs would remain free to file their reply as soon thereafter as they like, and, with the Court's agreement, the motion could be heard as soon as two weeks after their reply. Such a schedule would be substantially expedited as compared to the ordinary course of civil litigation in complex cases such as these, while allowing Defendants a meaningful opportunity to prepare their defense.

With respect to remaining deadlines, the City and County Defendants request that the deadline for initial disclosures and discovery plan be set for 45 days after the Court issues its decision on Plaintiffs' motions. Setting dates beyond the initial disclosures and discovery plan is premature. The Court's decision on Plaintiffs' motions will shape the scope of the issues to be tried and the corresponding discovery necessary to support the parties' theories. Setting deadlines for discovery is thus best addressed in the discovery plan, as the Federal Rules of Civil Procedure contemplate. *See* Fed. R. Civ. P. 26(f)(3).[1]

**Intervenor Defendant**

Intervenor-Defendant Alliance of Californians for Community Empower Action respectfully requests that the Court implement the following schedule:

| Event | Deadline |
| --- | --- |
| Deadline to File Rule 56 Motions | July 18, 2022 |

---

[1] In any event, Plaintiffs' proposal for discovery deadlines is unreasonable. If the Court takes just 60 days to decide the motion following Plaintiffs' proposed hearing date of August 25, Plaintiffs' schedule would allow less than two months for discovery. There are six plaintiffs in this case, five of whom have at least one tenant who will likely need to be deposed – tenants whose identities will only be revealed following written discovery. Defendants also anticipate possible third-party discovery, including from other governmental entities. Anything less than four or five months for discovery is thus likely unworkable.

| | |
|---|---|
| Deadline to File Oppositions to Rule 56 Motions | September 8, 2022 |
| Deadline to File Replies to Rule 56 Motions | September 15, 2022 |
| Hearing on Rule 56 Motions | September 29, 2022 |
| Initial Disclosure/ADR/Discovery Plan Deadline | 45 days after the Court rules on the Rule 56 motion |

These deadlines reasonably accommodate the schedules of all parties and counsel, including a pre-scheduled trial for Intervenor-Defendant's counsel, and provide sufficient and fair briefing time for all parties.

Plaintiffs insist that the Court enter a briefing schedule that gives Plaintiffs more than five additional weeks to draft their Federal Rule of Civil Procedure 56 motions, while providing Defendants with just over two weeks to respond. This proposal is neither fair nor workable. *First*, the parties should be given equal opportunity to brief this critical motion, which could significantly impact the issues and scope of the case going forward. Plaintiffs' argument about the briefing timelines in the Federal and Local Rules ignores that courts have the authority to set briefing schedules to accommodate the needs of the case and the parties. *See* N.D. Cal. Civ. L.R. 7-2(a) ("Except as otherwise ordered or permitted by the assigned Judge…"); *Gonzalez v. San Mateo Cnty.*, 2021 WL 568849, at *3 (N.D. Cal. Feb. 16, 2021) ("Courts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))).

*Second*, Intervenor-Defendant's request for an opposition briefing deadline after its counsel's prescheduled trial is reasonable and should be accommodated. Counsel's trial begins on August 9, 2022 and is scheduled to end sometime during the week of August 22. Plaintiffs' proposed briefing schedule falls entirely during the few weeks leading up to counsel's trial, has a deadline just a few days before counsel's trial is set to begin, and has a hearing date that will

ZACKS, FREEDMAN & PATTERSON, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

likely occur during trial. Intervenor-Defendant's request, which would have the opposition deadline two weeks after the end of counsel's trial, is a minimally burdensome accommodation. Plaintiffs' arguments about prejudice and unreasonable delay gloss over that Plaintiffs are content to wait until mid-July to file their own opening motion.[2]

Consistent with the Court's statements on staging at the June 2, 2022 hearing, Intervenor-Defendant requests that the Court set the deadline for initial disclosures, ADR, and the parties' discovery plan for the as-applied claims for 45 days after the Court rules on the Rule 56 motion related to facial claims. As noted, the Court's ruling on that motion will provide clarity on the issues and scope of the case going forward, so it is premature to set deadlines now when the parties and the Court do not know what issue(s) will remain. Plaintiffs' schedule, moreover, is unnecessarily truncated, providing only a few weeks after the close of fact discovery to tee up summary judgment and *Daubert* motions, and only a few weeks after the summary judgment hearing to prepare all pretrial materials. After the Court rules on the Rule 56 motion, the parties can meet and confer about a reasonable pretrial schedule and trial date on the as-applied claims.

Respectfully submitted,

Dated: June 2, 2022     By:    */s/ Emily L. Brough*
                                ZACKS, FREEDMAN & PATTERSON, PC
                                Attorneys for Plaintiffs and Petitioners
                                JOHN WILLIAMS
                                ROBERT VOGEL
                                SHEANNA ROGERS
                                MICHAEL LOEB
                                JACQUELINE WATSON-BAKER
                                HOUSING PROVIDERS OF AMERICA

---

[2] Plaintiffs have represented that their Rule 56 motion will rely on undisputed or stipulated facts but has yet to identify those facts to Defendants. Intervenor-Defendant reserves the right to seek discovery under Rule 56(d) after reviewing Plaintiffs' motion.

|   |   |   |   |
|---|---|---|---|
| Dated: June 2, 2022 | | By: | */s/ Christopher E. Skinnell* |

Christopher E. Skinnell, Esq. (S.B. No. 227093)
Hilary J. Gibson, Esq. (S.B. No. 287862)
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, California 94941
Telephone: (415) 389-6800
Facsimile: (415) 388-6874
cskinnell@nmgovlaw.com
hgibson@nmgovlaw.com
Attorneys for Plaintiffs and Petitioners
CALIFORNIA APARTMENT ASSOCIATION
STEPHEN LIN
RAKESH and TRIPTI JAIN
ALISON MITCHELL
MICHAEL HAGERTY
H. ALEX
DANNIE ALVAREZ

|   |   |   |   |
|---|---|---|---|
| Dated:  June 2, 2022 | | By: | */s/ Matthew D. Zinn* |

Matthew D. Zinn (214587)
Edward T. Schexnayder (284494)
Mindy K. Jian (336139)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, CA 94102
Telephone: (415) 552-7272
Facsimile: (415) 552-5816
Schexnayder@smwlaw.com
mjian@smwlaw.com
Attorneys for Defendants and Respondents
ALAMEDA COUNTY
ALAMEDA COUNTY BOARD OF SUPERVISORS

//

//

//

//

| | | | |
|---|---|---|---|
| Dated: June 2, 2022 | | By: | */s/ Cynthia Stein* |

Barbara J. Parker, City Attorney (069722)
Maria Bee, Chief Assistant City Attorney (167716)
Cynthia Stein, Deputy City Attorney (307974)
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612
Telephone: (510) 238-4779
Facsimile: (510) 238-6500
cstein@oaklandcityattorney.org
Attorneys for Defendants and Respondents
CITY OF OAKLAND
OAKLAND CITY COUNCIL

| | | | |
|---|---|---|---|
| Dated: June 2, 2022 | | By: | */s/ Nicholas N. Spear* |

Nicholas N. Spear (304281)
SUSMAN GODFREY L.L.P
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
nspear@susmangodfrey.com
Attorneys for Intervenor-Defendant
Alliance of Californians for Community
Empowerment Action

# ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: June 2, 2022          */s/ Emily L. Brough*
                                            Emily L. Brough

# PROOF OF SERVICE
United States District Court—Northern District of California- Case No.: 3:22-cv-01274-LB

I, Angelica Nguyen, declare that:

I am employed in the County of San Francisco, State of California. I am over the age of 18, and am not a party to this action. My business address is 601 Montgomery Street, Suite 400, San Francisco, California 94111.

On June 8, 2022, I served:

**JOINT SUBMISSION RE JUNE 2, 2022 DOCKET ORDER**

in said cause addressed as follows:

| | |
|---|---|
| BARBARA J. PARKER<br>MARIA BEE<br>CYNTHIA STEIN<br>KACEY READ<br>One Frank H. Ogawa Plaza, 6th Floor<br>Oakland, CA 94612<br>E-Mail: CStein@oaklandcityattorney.org<br>E-Mail: KRead@oaklandcityattorney.org<br><br>*Attorney for City of Oakland and Oakland City Council* | MARC SELTZER<br>KRYSTA K. PACHMAN<br>GLENN C. BRIDGMAN<br>NICHOLAS N. SPEAR<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Email: mseltzer@susmangodfrey.com<br>Email: kpachman@susmangodfrey.com<br>Email: gbridgman@susmangodfrey.com<br>Email: nspear@susmangodfrey.com<br>*Attorneys for Intervenor-Defendant Alliance of Californians for Community Empowerment Action* |
| MATTHEW D. ZINN<br>EDWARD T. SCHEXNAYDER<br>MINDY K. JIAN<br>SHUTE, MIHALY & WEINBERGER LLP<br>396 Hayes Street<br>San Francisco, CA 94102<br>Email: Zinn@smwlaw.com<br>Email: Schexnayder@smwlaw.com<br>Email: mjian@smwlaw.com<br>*Attorney for Alameda County and Alameda County Board of Supervisors* | |

**/XX/    (BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept electronic service, I caused the said document to be served electronically through the CM/ECS System.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 8, 2022 at San Francisco, California.

_____
ANGELICA NGUYEN

ZACKS, FREEDMAN & PATTERSON, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

*PROOF OF SERVICE*
-1-