MATTHEW D. ZINN (State Bar No. 214587)
EDWARD T. SCHEXNAYDER (State Bar No. 284494)
MINDY K. JIAN (State Bar No. 336139)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:   (415) 552-7272
Facsimile:   (415) 552-5816
Zinn@smwlaw.com
Schexnayder@smwlaw.com
Mjian@smwlaw.com

Attorneys for Defendants and Respondents
Alameda County and Alameda County Board
of Supervisors

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA APARTMENT ASSOCIATION, STEPHEN LIN, RAKESH and TRIPTI JAIN, ALISON MITCHELL, MICHAEL HAGERTY, & H. ALEX and DANNIE ALVAREZ,<br><br>　　　　Plaintiffs and Petitioners,<br><br>　　v.<br><br>COUNTY OF ALAMEDA, BOARD OF SUPERVISORS OF THE COUNTY OF ALAMEDA, and DOES 1-25,<br><br>　　　　Defendants and Respondents. | Case No. 3:22-cv-02705-LB<br>(Related Case No. 3:22-cv-01274-LB)<br><br>**REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR STAY**<br><br>The Hon. Laurel Beeler<br><br>Trial Date:　　　none set |

1

## **TABLE OF CONTENTS**

2

3  INTRODUCTION ................................................................................................. 3

4  ARGUMENT ....................................................................................................... 3

5  I.  Plaintiffs will not suffer any damage that warrants denial of this stay,
      which is less intrusive than the one they sought. ................................ 3

6

7       A.  Plaintiffs' repeated efforts to defer their remaining claims are an
            implicit concession that they will not be harmed by a stay. ................... 4

8       B.  Any additional damage Plaintiffs will suffer during the stay is
            purely monetary and can be adequately compensated at a later
9           date. ...................................................................................................... 5

10      C.  The early stage of the proceedings supports granting a stay. ............... 7

11  II.  Plaintiffs ignore that denial of a stay will waste resources ............................ 8

12  III.  A Ninth Circuit decision will simplify a central issue in these cases—as
           Plaintiffs effectively admitted when they sought a stay to allow an
13         interlocutory appeal. ................................................................................. 9

14  CONCLUSION ................................................................................................... 11

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO COUNTY DEFENDANTS' MOTION FOR STAY
Case No. 3:22-cv-02705-LB

**INTRODUCTION**

After repeatedly delaying any further action on their remaining claims, Plaintiffs now complain about the "crushing harm" that the County's proposed stay will allegedly cause them. Plaintiffs own actions belie this hyperbole. They filed suit two years after the moratoria were adopted and then pursued a strategy of prioritizing their facial claims. When that strategy proved unsuccessful, they doubled down, seeking a lengthy stay of their as-applied claims to allow an appeal. Yet now they argue the claims they elected to defer cannot wait for the Ninth Circuit to resolve appeals that will be argued only *four days* after the hearing on this motion. And while they insist that time is of the essence, they continue to suggest, as they have for months, that they intend to amend their complaints to name new plaintiffs and assert new claims—taking us all back to square one.

Moreover, the only harms Plaintiffs would allegedly suffer are monetary, which can be adequately compensated by an appropriately adjusted award if they prevail. On the other hand, as Plaintiffs have acknowledged, denial of a stay would require the parties to proceed with discovery that could be mooted in whole or part by the Ninth Circuit's decisions.

The pending Ninth Circuit cases present a physical takings issue materially identical to one of the central issues in this case. If the Ninth Circuit's decision is favorable to Plaintiffs, they would undoubtedly seek reconsideration of the Court's summary judgment order, which could eliminate the need to proceed with the remaining claims. The Court should therefore briefly stay this case while the Ninth Circuit resolves the pending appeals.

**ARGUMENT**

**I.    Plaintiffs will not suffer any damage that warrants denial of this stay, which is less intrusive than the one they sought.**

Plaintiffs will suffer no appreciable harm from the County's requested stay. They have repeatedly sought much longer delays of this action and allege only monetary harms, which can be addressed by an appropriate award if they ultimately succeed in their claims.

### A. Plaintiffs' repeated efforts to defer their remaining claims are an implicit concession that they will not be harmed by a stay.

Plaintiffs attempt to distinguish their prior request for a *much* longer stay by arguing that they sought Ninth Circuit review of six claims, not just their physical takings claim. *See* Dkt. 68-1 at 6 (Plaintiffs' Joint Opposition to Defendants' Motion for Stay (filed Mar. 24, 2023)) ("Opp."). This argument is a red herring. It ignores the operative fact that Plaintiffs have been willing to significantly delay resolution of their as-applied claims, and sought to do so first in their bifurcation motion and again when seeking to take an interlocutory appeal. *See* Dkt. 57 at 5-6 (County Defendants' Motion for Stay (filed Mar. 10, 2023)) ("Mot."). Plaintiffs cannot credibly argue that delaying resolution of their remaining claims will harm them because they have repeatedly sought much longer delays than the one at issue here. *See id.*; *see also Quinn-White v. Novartis Pharm. Corp.*, No. CV 16-4300 PSG (AGRx), 2016 WL 11519285, at *4 (C.D. Cal. Oct. 7, 2016) (plaintiffs' two-year delay in filing their complaint indicated that further delay would not likely harm them).

In any event, Plaintiffs' physical takings claim is not merely one of six claims, but a core controlling issue in this action—as they have admitted. *See Williams* Dkt. 101 at 9 (Plaintiffs' Motion to Certify the Interlocutory Decision for Appeal and For a Stay (filed Dec. 29, 2022)) ("Mot. to Certify")[1] ("First, the physical takings question is a controlling, novel issue of law"). In their motion for summary judgment, Plaintiffs dedicated over a third of their argument to this issue. *See* Dkt. 25 at 18-25 ([Corrected] Plaintiffs' Motion for Summary Judgment or Partial Summary Judgment on Facial Claims (filed Jul. 18, 2022)). Likewise the physical takings issue constituted nearly a third of their argument on reply. *See* Dkt. 36 at 8-20 (Plaintiffs' Reply in Support of Summary Judgment or Partial Summary Judgment on Facial Claims (filed Sep. 13, 2022)). Additionally, and as the Court found, the physical takings issue was the *only* controlling legal question that could have justified an

---

[1] Plaintiffs joined and incorporated this motion. *See* Dkt. 48 (Plaintiffs' Joinder in Motion for Certification of Interlocutory Appeal (filed Dec. 29, 2022)).

REPLY ISO COUNTY DEFENDANTS' MOTION FOR STAY
Case No. 3:22-cv-02705-LB

interlocutory appeal. Dkt. 55 at 10 (Order Denying Motion to Certify Summary Judgment Order for Interlocutory Appeal (filed Feb. 24, 2023)) ("Order"). Ninth Circuit input on this question will be the most consequential.

Even in their opposition, Plaintiffs demonstrate continued willingness to delay further proceedings. They note, over a year after filing their complaint, that they "intend to seek amendment of their complaint to *add new causes of action* . . . and join *multiple* additional housing providers." Opp. at 9 (emphases added). Such amendments will delay discovery and any future resolution by months. This directly contradicts their contention that they "have sought the most expeditious and efficient relief available."[2] *Id.* at 6.

**B.      Any additional damage Plaintiffs will suffer during the stay is purely monetary and can be adequately compensated at a later date.**

Plaintiffs argue they will suffer "continued substantial damage" if a stay is granted. *See* Opp. at 3-4. However, Plaintiffs identify only monetary damages such as unpaid and lost rents, mortgage payments, and medical costs. *See* Opp. at 4-5; Dkt. 68-2 at 2 (Declaration of John Protopappas (filed Mar. 24, 2023)); Dkt. 68-3 at 2-3 (Declaration of John Williams (filed Mar. 24, 2023)). It is well-established that "mere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-12 (9th Cir. 2005).

Plaintiffs draw a distinction between past and future monetary damages. Opp. at 5. But this distinction lacks a difference.[3] *Broadcom Corp. v. Sony Corp.*, No. SACV 16-1052

---

[2] Plaintiffs first mentioned amending their complaints at the September 29, 2022 summary judgment hearing. *See also* Mot. to Certify at 10-11 ("should the case proceed forward, it is anticipated that additional rental property owners may be added as plaintiffs").

[3] None of the cases Plaintiffs attempt to distinguish relied on this distinction. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962) (granting stay when "relief . . . is money damages"); *RLI Ins. Co. v. ACE Am. Ins. Co.*, No. 19-CV-04180-LHK, 2020 WL 1322955, at *4 (N.D. Cal. Mar. 20, 2020) ("delay in recovery of damages is not the kind of prejudice which should move a court to deny a requested postponement" (internal quotation marks omitted));
(footnote continued on next page)

REPLY ISO COUNTY DEFENDANTS' MOTION FOR STAY
Case No. 3:22-cv-02705-LB

JVS (JCGx), 2017 WL 7833636 (C.D. Cal. Feb. 13, 2017), which Plaintiffs cite, is inapposite. The alleged damage there resulted from patent infringement. Under the relevant statute, determining the appropriate measure of damages required the court to inquire about the reasonableness of potential royalties. *Id.* at *2. The court also noted that the claim at issue was not asserted in the pending appeal, and thus the appeal's impact would likely be minimal. Accordingly, all three *Landis* factors weighed against a stay. *Id.* at *3. By contrast, here, the Ninth Circuit appeals are directly relevant to this case, and any current or future damages can be easily measured and adjusted to account for delay in recovery. And in fact, Plaintiffs have calculated the monetary damages they seek. Opp. at 4-5. Courts have found that such potential future monetary damages do not warrant denial of a stay. *See Goro v. Flowers Foods, Inc.*, No. 17-CV-2580 JLS (JLB), 2020 WL 804841, at *2 (S.D. Cal. Feb. 18, 2020) (granting stay where plaintiffs alleged "continuing harm"). This is true even where delay in monetary relief may have unintended impacts on plaintiffs. *See Quinn-White*, 2016 WL 11519285, at *4 (rejecting argument that faster resolution of the case was necessary to mitigate plaintiff's inability to pay for medical treatment because "recovery [wa]s not guaranteed").[4]

Moreover, tenants are not relieved of their obligation to pay rent and landlords may still evict tenants to reoccupy their units under the Ellis Act. Alameda County Code § 6.120.090(A). Under the County's moratorium, landlords may also collect rent that became due during the local emergency after one year from when the rent became due. Alameda County Code § 6.120.090(D). Regardless, ultimately any further damages are monetary and may be adequately compensated at a later date.

---

*Pena v. Taylor Farms Pac., Inc.*, No 2:13-cv-01282-KJM-AC, 2015 WL 5103157, at *6 (E.D. Cal. Aug. 31, 2015) ("The plaintiffs seek only damages").

[4] Plaintiffs also hyperbolically claim that the moratoria "are effectively permanent." *See* Opp. at 9. On the contrary, the County's moratorium will end by operation of law on April 29. Mot. at 6; Dkt. 58 at 5-6 (County Defendants' Request for Judicial Notice in Support of Motion for Stay (filed Mar. 10, 2023)). And Plaintiffs' suggestion that the City's moratorium will become permanent is pure speculation.

REPLY ISO COUNTY DEFENDANTS' MOTION FOR STAY
Case No. 3:22-cv-02705-LB

Plaintiffs also contend that a stay would prevent them "from pursuing their claims for injunctive and declaratory relief in this action." Opp. at 5. However, Plaintiffs do not explain how such a delay would *harm* them apart from further delaying recovery of monetary damages. Indeed, they have never sought a preliminary injunction to avoid incurring further damages. In *Gustavson*, the court held that a mere prayer for injunctive relief does not warrant denying a stay where the plaintiff has not moved for a preliminary injunction and any prospective relief is unlikely to be awarded prior to a decision in the related appeal. *Gustavson*, 2014 WL 6986421, at *3; *see also Goro*, 2020 WL 804841, at *2 ("the fact that Plaintiffs have not moved for a preliminary injunction . . . and did not file their case for several years" weighed in favor of a stay). A stay is particularly appropriate where the court of appeal's resolution of the related appeal may alter the issues in the stayed action and thus engender more discovery or motion practice. *See Gustavson*, 2014 WL 6986421, at *1, 3 (granting stay in a putative class action because Ninth Circuit decision in a different case could affect class certification).

### C.    The early stage of the proceedings supports granting a stay.

Even though the parties have not yet begun discovery, Plaintiffs contend that this case is already well along. Opp. at 6. This directly contradicts their prior admission—when they were seeking their own stay—that "[t]his case is also [at] an early stage of litigation." Mot. to Certify at 10, 25 ("[T]he fact that it is in the early stages and pre-discovery also weighs in favor of granting certification"). As Plaintiffs correctly noted, "no discovery has been conducted." *Id.* at 10.[5] Indeed, Plaintiffs have reiterated that they intend to amend their complaints (Opp. at 9)—including to add new claims—which would return the case to

---

[5] Plaintiffs now suggest that this fact weighs *against* a stay. They argue their "as-applied claims involve fact intensive inquiries that may entail discovery, which should be allowed to commence immediately." Opp. at 9. Yet in the very same paragraph Plaintiffs show they have no intention of "immediately commencing" discovery. Rather, they intend to seek leave for significant amendments to their complaints. *See id.* Moreover, it is imprudent to proceed with discovery while a central controlling issue is pending before the Ninth Circuit. *See infra* Section III.

1  the pleadings stage. Courts regularly grant stays under similar and even less favorable cir-

2  cumstances. *See Rizvanovic v. United Parcel Serv., Inc.*, No. 1:21-cv-01278-BAK (SKO), 2022

3  WL 1190263, at *4 (E.D. Cal. Apr. 21, 2022) (granting stay even though discovery requests

4  had already been propounded); *Hernandez v. San Gabriel Temp. Staff Servs., LLC*, No. 17-

5  CV-05847-LHK, 2018 WL 1582914, at *9 (N.D. Cal. Apr. 2, 2018) (granting stay during the

6  pleadings stage).

7       Plaintiffs fail to distinguish *Rizvanovic* and *Hernandez*. They argue those cases "in-

8  volved stays after the first few months the complaints were filed, and did not involve year-

9  long efforts to obtain interlocutory appellate review." Opp. at 6. But those decisions are not

10  based merely on the time that had elapsed in the litigation; they emphasize how little pro-

11  gress had been made in prosecuting the claims. In *Rizvanovic*, "no witnesses ha[d] been

12  deposed, no written discovery ha[d] been responded to, no dispositive motions ha[d] been

13  filed or heard, and no trial date ha[d] been set." 2022 WL 1190263, at *4. In *Hernandez*, the

14  case "[wa]s still at a very early stage," and the pending appellate decision "ha[d] already

15  been fully briefed" and argued. 2018 WL 1582914, at *9. Other courts have granted both

16  longer stays and stays sought years after the complaint was filed. *See Gustavson*, 2014 WL

17  6986421, at *1, 4 (granting stay requested over two years after complaint was filed); *Skule-

18  vold v. SD&A Teleservices, Inc.*, No. 2:20-CV-2771-AB (JCx), 2020 WL 7711834, at *5 (C.D.

19  Cal. Nov. 18, 2020) (granting stay even though appeal would not be heard until Supreme

20  Court's next term); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965, at *2 (N.D.

21  Cal. Jul. 20, 2015) (same).

22  **II.   Plaintiffs ignore that denial of a stay will waste resources.**

23       Plaintiffs also contend that Defendants failed to show harm absent a stay. Opp. at 5.

24  They further argue that "to the extent Defendants imply harm would result simply by being

25  required to litigate, this claim fails." *Id.* at 6. To the contrary, the motion discusses the

26  hardship and "needless litigation" that may come from denial of a stay. *See* Mot. at 7; *see*

27  *also* Mot. to Certify at 28. And Defendants do not take issue with being required to proceed

28

REPLY ISO COUNTY DEFENDANTS' MOTION FOR STAY
Case No. 3:22-cv-02705-LB

with litigation, but rather with the likelihood that extensive discovery efforts may be waste-ful.[6] Plaintiffs admit that their remaining claims "involve fact intensive inquiries" (Opp. at 9) and will require extensive discovery (Mot. to Certify at 26). That effort may be wasted in whole or in part if the Ninth Circuit's forthcoming decision changes the scope of the remain-ing claims. Thus, where a pending appellate decision could moot much of the ongoing litiga-tion, Courts have found that "[s]ubstantial, unrecoverable, and wasteful discovery costs" warrant granting a stay. *Compare Pena*, 2015 WL 5103157, at *4 (granting stay pending Ninth Circuit appeal) *with Cal. Trout, Inc. v. U.S. Bureau of Reclamation*, 115 F. Supp. 3d 1102, 1117 (C.D. Cal. 2015) (denying stay where there was no pending decision and defend-ants merely sought more time to correct deficiencies).

## III.   A Ninth Circuit decision will simplify a central issue in these cases—as Plaintiffs effectively admitted when they sought a stay to allow an interlocutory appeal.

Again, despite seeking Ninth Circuit review of the same physical takings question at issue in the pending appeals, Plaintiffs argue that the "orderly course of justice" factor does not support a stay because a Ninth Circuit decision "will only involve one potentially con-trolling question of law here."[7] Opp. at 8. But both the Court and Plaintiffs have concluded that the physical takings issue—the same issue before the Ninth Circuit—is a controlling question of law here. *See* Mot. to Certify at 14-15 ("whether the Defendants' eviction bans are an unconstitutional physical taking is a controlling issue of law"); Order at 11 ("*El Papel*

---

[6] Plaintiffs also cite *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005). *See* Opp. at 6. *Lockyer* is inapposite. In that case, the court found that that the potential harm resulting from the stay would be substantial while "it [wa]s highly doubtful" that the concurrent bank-ruptcy court proceeding would resolve the district court action. *Lockyer*, 398 F.3d at 1112. Additionally, the court had already found that an automatic stay under a separate statutory regime would not be appropriate and noted that the court was "aware of no case . . . in which a district court has entered a *Landis* stay" where the automatic stay did not apply. *Id.* Here, however, a stay will not harm Plaintiffs and the pending Ninth Circuit appeals involve the precise question of which Plaintiffs themselves sought review.

[7] Plaintiffs also grossly misrepresent the length of the County's requested stay. Opp. at 8. The County never asked the Court to await a decision by the Supreme Court (on a petition for certiorari that might never be filed).

9

REPLY ISO COUNTY DEFENDANTS' MOTION FOR STAY
Case No. 3:22-cv-02705-LB

presents the same 'controlling question of law' . . . : what legal standard applies in analyzing whether COVID-19 eviction moratoria are per se takings?"). Unlike in the cases Plaintiffs rely on, the question now before the Ninth Circuit is not merely "one of several issues" in this case. *See* Opp. at 7-8 (citing *Larson v. Harman Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, 2017 WL 3172979, at *3 (E.D. Cal. Jul. 26, 2017); *Perry v. Bloomberg*, No. 1:15-cv-00408-CL, 2015 WL 3542773, at *3 (D. Or. Jun. 4, 2015); *Duncan v. Becerra*, No.3:17-cv-1017-BEN, 2017 WL 4518498, at *2 (S.D. Cal. Oct. 10, 2017)). Rather, it is a central issue, and one on which Ninth Circuit input will be particularly clarifying. *See supra* Section I.A.

Plaintiffs further contend that the moratoria at issue in the pending appeals are "substantively different" from the moratoria challenged here and "it is highly possible" that the decision will "have no applicability to Plaintiffs' cases." Order at 8. Again, this Court has already found the opposite to be true. *See* Order at 11. All three pending cases involve challenges to COVID-19 eviction moratoria and "[l]ike the moratoria in the present cases, the moratoria in *El Papel* limited the landlords' right to exclude . . . without eliminating the tenants' legal obligation to pay rent." *Id*.

Plaintiffs then allege that "at best" a Ninth Circuit decision "may revive" their facial physical takings claim or may simply be irrelevant to this case. Opp. at 8. Indeed, a ruling favorable to Plaintiffs could completely change the scope of this litigation. *See* Mot. at 7-8. When Plaintiffs sought to bifurcate their facial and as-applied claims, they argued that success on their facial claims "would significantly narrow or possibly moot the as-applied claims." *Williams* Dkt. 46 at 7 (Plaintiffs' and Petitioners' Consolidated Reply in Support of Motion for Bifurcation of Facial and As-applied Claims (filed May 17, 2022)). And as Plaintiffs previously argued, regardless of the outcome, a ruling "could allow for productive settlement discussions and a significantly shortened litigation." Mot. to Certify at 11. Accordingly, a stay would benefit the orderly course of justice. *See Gustavson*, 2014 WL 6986421, at *3 (granting stay where "Ninth Circuit's decision is likely to provide substantial guidance . . . that will materially impact the Court's decisions in the instant case."); *Skulevold*, 2020

1  WL 7711834, at *5 (even where "there [wa]s no guarantee the Supreme Court will resolve

2  the issue at hand, it [wa]s nonetheless certainly possible that the Supreme Court will pro-

3  vide some guidance generally").

4  **CONCLUSION**

5        For the reasons set forth above and in the County's motion, the Court should stay all

6  further proceedings until the Ninth Circuit rules in *El Papel, LLC v. City of Seattle,* No. 22-

7  35656 (9th Cir. docketed Aug. 17, 2022); *Jevons v. Inslee*, No. 22-35050 (9th Cir. Docketed

8  Jan. 18, 2022); and *Iten v. County of Los Angeles*, No. 22-55480 (9th Cir. Docketed May 12,

9  2022).

10

11  DATED:  March 31, 2023                 SHUTE, MIHALY & WEINBERGER LLP

12

13

14                                 By:   ___/s/Matthew D. Zinn_____
                                         MATTHEW D. ZINN
15                                       EDWARD T. SCHEXNAYDER
                                         MINDY K. JIAN
16
                                         Attorneys for Defendants and Respondents
17                                       Alameda County and Alameda County Board
                                         of Supervisors
18

19

20

21

22

23

24

25

26

27

28

REPLY ISO COUNTY DEFENDANTS' MOTION FOR STAY
Case No. 3:22-cv-02705-LB