MATTHEW D. ZINN (State Bar No. 214587)
EDWARD T. SCHEXNAYDER (State Bar No. 284494)
MINDY K. JIAN (State Bar No. 336139)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:   (415) 552-7272
Facsimile:    (415) 552-5816
Zinn@smwlaw.com
Schexnayder@smwlaw.com
Mjian@smwlaw.com

Attorneys for Defendants and Respondents
Alameda County and Alameda County Board
of Supervisors

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| CALIFORNIA APARTMENT ASSOCIATION, STEPHEN LIN, RAKESH and TRIPTI JAIN, ALISON MITCHELL, MICHAEL HAGERTY, & H. ALEX and DANNIE ALVAREZ, <br><br>Plaintiffs and Petitioners, <br><br>v. <br><br>COUNTY OF ALAMEDA, BOARD OF SUPERVISORS OF THE COUNTY OF ALAMEDA, and DOES 1-25, <br><br>Defendants and Respondents. | Case No. 3:22-cv-02705-LB <br>(Related Case No. 3:22-cv-01274-LB) <br><br>**COUNTY DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br>Date:   August 14, 2025 <br>Time:   9:30 a.m. <br>Courtroom: Courtroom B, 15th Floor <br><br>The Hon. Laurel Beeler <br><br>Trial Date:   none set |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................3

NOTICE OF MOTION..................................................................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................7

INTRODUCTION ..........................................................................................................................7

BACKGROUND............................................................................................................................8

MOTION TO DISMISS STANDARD........................................................................................10

ARGUMENT ...............................................................................................................................10

    I.    The FAC still fails to allege that the Moratorium had a sufficiently severe economic impact on Plaintiffs' properties. ...............................................11

        A.    Despite the Court's clear direction, Plaintiffs have not alleged pre- or post-deprivation property values for all of Plaintiffs' properties. ..................................................................................................12

        B.    The FAC fails to sufficiently allege that the Moratorium had a severe impact on each of the remaining properties. .............................13

    II.    The remaining *Penn Central* factors cannot save Plaintiffs' claims. ..............14

    III.    The Court should not grant leave to amend. ....................................................17

CONCLUSION............................................................................................................................18

APPENDIX..................................................................................................................................19

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 10, 14

*Block v. Hirsh*,
    256 U.S. 135 (1921) ............................................................................................................. 15

*Bridge Aina Le'a, LLC v. Land Use Comm'n*,
    950 F.3d 610 (9th Cir. 2020) ............................................................................................... 14

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ................................................................................ 18

*CCA Assocs. v. United States*,
    667 F.3d 1239 (Fed. Cir. 2011) ........................................................................................... 14

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034, 1042 (9th Cir. 2011) .................................................................................. 17

*Chodos v. West Publishing Co.*,
    292 F.3d 992 (9th Cir. 2002) ............................................................................................... 17

*Colony Cove Props., LLC v. City of Carson*,
    888 F.3d 445 (9th Cir. 2018) ......................................................................................... passim

*Elmsford Apt. Assocs., LLC v. Cuomo*,
    469 F. Supp. 3d 148 (S.D.N.Y. 2020) ........................................................................... 15, 16

*Evans Creek, LLC v. City of Reno*,
    No. 21-16620, 2022 WL 14955145 (9th Cir. Oct. 26, 2022) ............................................ 11, 14

*Garmon v. County of Los Angeles*,
    828 F.3d 837 (9th Cir. 2016) ............................................................................................... 17

*Garneau v. City of Seattle*,
    147 F.3d 802 (9th Cir. 1998) ............................................................................................... 12

*GHP Mgmt. Corp. v. City of Los Angeles*,
    No. 23-55013, 2024 WL 2795190 (9th Cir. May 31, 2024) ............................................... 12

*Home Bldg. & Loan Ass'n v. Blaisdell*,
    290 U.S. 398 (1934) ............................................................................................................. 15

*Johnson v. Boitano*,
    No. 21-cv-01402-SVK, 2021 WL 4818943 (N.D. Cal. Oct. 15, 2021) .............................. 9

3
MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 3:22-cv-02705-LB

*Kater v. Churchill Downs Inc.*,
    886 F.3d 784 (9th Cir. 2018) .................................................................................................... 9

*Lingle v. Chevron U.S.A. Inc.*,
    544 U.S. 528 (2005) ......................................................................................................... 10, 16

*Loretto v. Teleprompter Manhattan CATV Corp.*,
    458 U.S. 419 (1982) ................................................................................................................ 15

*MHC Finan. Ltd. P'ship v. City of San Rafael*,
    714 F.3d 1118 (9th Cir. 2013) ........................................................................................ 11, 17

*Pa. Coal Co. v. Mahon*,
    260 U.S. 393 (1922) ................................................................................................................ 10

*Pakdel v. City & County of San Francisco*,
    636 F. Supp. 3d 1065 (N.D. Cal. 2022) ................................................................................. 11

*Penn Central Transportation Co. v. City of New York*,
    438 U.S. 104 (1978) .......................................................................................................... passim

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) .................................................................................................. 10

*Rancho de Calistoga v. City of Calistoga*,
    800 F.3d 1083 (9th Cir. 2015) ......................................................................................... 10, 17

*S. Cal. Rental Hous. Ass'n v. County of San Diego*,
    550 F. Supp. 3d 853 (S.D. Cal. 2021) .............................................................................. 15, 16

*Salameh v. Tarsadia Hotel*,
    726 F.3d 1124 (9th Cir. 2013) ................................................................................................ 17

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................................................. 10

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) ................................................................................................ 10

**CALIFORNIA CASES**

*San Remo Hotel L.P. v. City & County of San Francisco*,
    27 Cal. 4th 643 (2002) ............................................................................................................ 11

**CALIFORNIA STATUTES**

Cal. Civ. Code §§ 1941 et seq ....................................................................................................... 15

Cal. Civ. Code § 1946.2 ................................................................................................................. 15

Cal. Civ. Proc. Code §§ 1159-1179a ............................................................................................ 15

4

MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 3:22-cv-02705-LB

Cal. Civ. Proc. Code § 1179.15...........................................................................................................8

Cal. Gov't Code §§ 12900 et seq......................................................................................................15

Cal. Gov't Code § 8630 ....................................................................................................................15

Cal. Health & Saf. Code §§ 17910 et seq. .......................................................................................15

Cal. Health & Saf. Code §§ 26147-48..............................................................................................15

**RULES**

Fed. R. Civ. Proc. Rule 12(b)(6) .................................................................................................6, 10

Fed. R. Evid. 201................................................................................................................................9

**ALAMEDA COUNTY CODE**

§ 6.120.030 ...............................................................................................................................8, 9, 16

§ 6.120.040 .......................................................................................................................................16

§ 6.120.090(A) ..................................................................................................................................16

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on August 14, 2025, at 9:30 a.m., or as soon thereafter as counsel may be heard by the Court, located at 450 Golden Gate Avenue, San Francisco, California, in the courtroom of the Honorable Laurel Beeler, Defendants County of Alameda and County of Alameda Board of Supervisors will and hereby do move the Court to dismiss, without leave to amend, Plaintiffs' First Amended Complaint for Damages. This motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' complaint fails to state a claim upon which relief can be granted.

This motion is based on this Notice of Motion and the attached Memorandum of Points and Authorities, pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

As stipulated by the parties and ordered by the Court, this motion has been filed on or before June 2, 2025. Any opposition must be filed on or before July 14, 2025, and any reply must be filed on or before August 4, 2025.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Despite multiple attempts and explicit guidance from this Court, Plaintiffs have failed to allege facts showing a plausible regulatory takings claim under *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978) ("*Penn Central*"). If the facts supported their claims, Plaintiffs had ample opportunity to allege them.

This Court is familiar with the background. During the COVID-19 pandemic, the County enacted a temporary eviction moratorium ("Moratorium") that expired in April 2023. Plaintiffs claim this three-year moratorium caused a regulatory taking of their properties. But, after three years and an opportunity to amend their pleading, they have still failed to demonstrate the severe impact on the value of their properties that *Penn Central* demands.

Because of the central importance of economic impact to a *Penn Central* claim, this Court's order granting the County's last motion to dismiss clearly directed that Plaintiffs "must be more specific as to before-and-after values" of their properties to survive a motion to dismiss. Plaintiffs' First Amended Complaint for Damages ("FAC") does not comply with this directive.

Most of the additional allegations in the FAC only elaborate on the same kinds of lost rent and operating expenses that this Court has already expressly rejected. Where Plaintiffs do allege a change in property value, they have not shown the Moratorium caused the drastic impairment of property value essential to trigger *Penn Central*. They allege only diminutions of less than 50 percent, which this Court has recognized to be categorically insufficient under Ninth Circuit precedent.

Plaintiffs have now had half a year since this Court's dismissal order and over three years since filing suit to develop a coherent theory of economic impact. Their repeated failures, despite explicit judicial guidance, demonstrate that further amendment would be futile. The fundamental problem is not deficient pleading but deficient claims. No amount of additional time will transform this temporary, targeted public health measure into a compensable taking.

The Court should dismiss the FAC without leave to amend and finally end this protracted litigation.

## BACKGROUND

Over five years ago, on March 10, 2020, the County declared a local state of emergency in response to the ongoing novel coronavirus ("COVID-19") pandemic and following the Governor's statewide emergency declaration. Dkt. 43 (Order Denying Summary Judgment, or "MSJ Order") at 3-4, 7. Soon after, on April 21, 2020, the County enacted the Moratorium, which the County subsequently extended until 60 days after expiration of the local public health emergency. *Id.* at 7; Alameda County Code of Ordinances ("County Code") § 6.120.030(A).[1] Similarly, the Legislature enacted a series of eviction protections, including the COVID-19 Tenant Relief Act and the COVID-19 Rental Housing Recovery Act, the latter of which remained in effect until September 30, 2024. MSJ Order at 4-5; Cal. Civ. Proc. Code § 1179.15.

On May 5, 2022, Plaintiffs filed suit challenging the Moratorium. Plaintiffs' original complaint named eight plaintiffs and raised facial and as-applied constitutional claims, including physical and regulatory takings claims, a Contracts Clause claim, and procedural and substantive due process claims, as well as a state inverse condemnation claim and a request for writ of mandate. *See* Dkt. 1 (Complaint for Damages, Injunctive, and Declaratory Relief; Petition for Writ of Mandate). Plaintiffs and the plaintiffs in the related case (Case No. 3:22-cv-01274-LB) ("*Williams*") subsequently filed motions for partial summary judgment, seeking judgment on facial physical takings claims, Plaintiffs' facial Contracts Clause claim, the *Williams* plaintiffs' facial procedural due process claims, and facial challenges under state law. Dkt. 23 (Motion for Summary Judgment or Partial Summary Judgment on Facial Claims). The Court denied Plaintiffs' motion in its entirety. MSJ Order.

---

[1] The full County Code is available online at https://library.municode.com/ca/alameda_county/codes/code_of_ordinances.

On February 28, 2023, the day that the California State of Emergency ended, the County Health Officer confirmed that the local public health emergency terminated as well. Dkt. 58, Ex. A (Health Officer Order No. 23-01).[2] By its terms, the Moratorium expired 60 days later, on April 29, 2023. County Code § 6.120.030(A).

After allowing the *Williams* plaintiffs several months to file an amended complaint, the County filed a motion to dismiss the *Williams* plaintiffs' amended complaint and a motion for judgment on the pleadings in this action. Through these motions, the County sought dismissal of the remaining claims in both cases. Dkt. 81 (County Defendants' Motion for Judgment on the Pleadings). The motion for judgment on the pleadings sought (1) dismissal of the physical takings, Contracts Clause, due process, and state law claims without leave to amend, (2) dismissal of the *Penn Central* claim with leave to amend, and (3) dismissal of Plaintiff California Apartment Association ("CAA"). *See generally* Dkt. 81.

On September 3, 2024, the Court granted the County's motion in its entirety. Dkt. 96 (Order on Motions to Dismiss, or "MTD Order") at 3. The Court held that the Plaintiffs and *Williams* plaintiffs failed to state a takings, Contracts Clause, due process, equal protection, or state law claim. For the *Penn Central* claim, the Court found the Plaintiffs' factual allegations insufficient because they failed to allege a severe economic impact. *Id.* at 7-8. The Court ruled that Plaintiffs could not rely on general allegations of "collectively suffered losses" and that they "must be more specific as to before-and-after values" allegedly impaired. *Id.* at 8. The Court granted leave to amend only as to the regulatory takings claim. *Id.* at 12-13.

---

[2] The County sought judicial notice of this Health Officer Order when filing its Motion for Stay. *See* Dkt. 58 (County Defendants' Request for Judicial Notice in Support of Motion for Stay). This Health Officer Order is an official act and public record of a government agency that is not reasonably subject to dispute. Accordingly, it is properly subject to judicial notice. *See id.*; Fed. R. Evid. 201; *Johnson v. Boitano*, No. 21-cv-01402-SVK, 2021 WL 4818943, at *3 n.1 (N.D. Cal. Oct. 15, 2021); *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 n.3 (9th Cir. 2018).

1  Half a year later, Plaintiffs filed the FAC. Dkt. 101. The FAC provides some additional factual information about the five properties at issue. For example, it alleges estimated totals for lost rent, property damage, and operating costs attributed to the listed properties (*id.* ¶¶ 54-58, 72-77, 88-93, 105-110, 119-126). But it alleges a change in property value for only four of the five properties (*id.* ¶¶ 55, 74, 91, 125).

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) requires a court to examine whether the plaintiff has alleged sufficient facts to state a plausible claim on which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level." MTD Order at 4 (citing *Twombly*, 550 U.S. at 555). In other words, a plaintiff must show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 678).

In evaluating a motion to dismiss, a court assumes all material allegations in the complaint are true, but "need not accept conclusory allegations of law or unwarranted inferences." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A court need not accept as true allegations contradicted by facts subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## ARGUMENT

Regulatory takings occur where a regulation "goes too far" and is "so onerous that its effect is tantamount to a direct appropriation or ouster." MTD Order at 6-7 (citing *Pa. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922) and *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1088-89 (9th Cir. 2015); *see also Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 539 (2005) ("regulatory actions that are functionally equivalent to the classic taking" are those

"in which government directly appropriates private property or ousts the owner from his domain"). In evaluating such a claim, courts consider the three *Penn Central* factors: (1) "[t]he economic impact of the regulation on the claimant;" (2) "the extent to which the regulation has interfered with distinct investment-backed expectations;" and (3) "the character of the governmental action." *Penn Central*, 438 U.S. at 124; MTD Order at 7. Although the *Penn Central* analysis is case-specific, "courts often examine these factors at the motion to dismiss stage to [en]sure plaintiffs have satisfied their burden to establish the plausibility of their claims." *Pakdel v. City & County of San Francisco*, 636 F. Supp. 3d 1065, 1074-75 (N.D. Cal. 2022).[3]

Plaintiffs have again failed to state a *Penn Central* claim. The FAC fails to show that any of the *Penn Central* factors support Plaintiffs' claims. But most importantly, it does not solve the fatal problem identified in this Court's MTD Order: the FAC still fails to plausibly allege that the Moratorium resulted in a severe loss of property value for each property.

A table summarizing the FAC's allegations by property ("Table") is provided in the appendix to this brief.

### I. The FAC still fails to allege that the Moratorium had a sufficiently severe economic impact on Plaintiffs' properties.

Under the first *Penn Central* factor, a plaintiff must allege facts showing that the regulation has had a *severe* economic impact on the value of her property. *Penn Central*, 438 U.S. at 124, 136; *MHC Finan. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1127 (9th Cir. 2013). As this Court has held, "the severity of the loss can be determined only by comparing the post-deprivation value to pre-deprivation value." MTD Order at 8 (citing *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 451 (9th Cir. 2018) ("*Colony Cove*")). Failure to allege such an impact is fatal. *See Evans Creek, LLC v. City of Reno*, No. 21-16620, 2022 WL 14955145, at *1 (9th Cir. Oct. 26, 2022) (affirming dismissal of *Penn*

---

[3] Although Plaintiffs assert claims under the takings clauses of both the federal and California constitutions, California courts apply federal takings law to state takings claims. *San Remo Hotel L.P. v. City & County of San Francisco*, 27 Cal. 4th 643, 664 (2002).

*Central* claim that failed to allege "any information about the value of the property [before the challenged action] or its value after the [action]"); *see also Colony Cove*, 888 F.3d at 451 (reversing jury verdict for lack of evidence of impact to property value); *Garneau v. City of Seattle*, 147 F.3d 802, 808 (9th Cir. 1998) (affirming summary judgment for defendants where plaintiffs did not point to evidence of economic impact).

The FAC does not plead facts to establish that any plaintiff suffered a severe impact to property value. First, for one of the properties, the FAC fails to allege any change in property value caused by the Moratorium, contrary to this Court's clear direction in the MTD Order. Second, for the four properties for which the FAC does allege a diminution in value that it attributes to the Moratorium, no diminution exceeds 50 percent. As a matter of law, this is insufficiently severe to state a *Penn Central* claim—as this Court has already held. These alleged diminutions are also unsupported. Plaintiffs thus have again failed to allege a plausible regulatory takings claim.

### A. Despite the Court's clear direction, Plaintiffs have not alleged pre- or post-deprivation property values for all of Plaintiffs' properties.

Relying on well-established law, the Court held that Plaintiffs' prior allegations about lost rent and property damage were insufficient because "economic impact is determined by comparing the total value of the affected property before and after the government action." MTD Order at 7 (citing *Colony Cove*, 888 F.3d at 451). Plaintiffs must show how any changes in revenue affected the value of each property. *See also GHP Mgmt. Corp. v. City of Los Angeles*, No. 23-55013, 2024 WL 2795190, at *2 (9th Cir. May 31, 2024), *petition for cert. filed*, No. 24-435 (Oct. 17, 2024) (landlords failed to state a *Penn Central* claim because they failed to "allege the diminution in property values they suffered as a result of the eviction moratorium, and alleged only the amount of rent lost"). But even after an opportunity to amend, Plaintiffs fail to provide pre- and post-Moratorium values for one of the properties discussed in the FAC.

Although for four of the properties, the FAC alleges an amount of "lost equity" (Table, lines 1-3, 5; FAC ¶¶ 55, 74, 91, 125), it fails to do so for the property located at 2919 Liberty

Drive (*see* Table, line 4; FAC ¶¶ 100-12; ). The FAC alleges that the plaintiffs were able to sell the property for $1,300,000 after the Moratorium terminated, but do not provide a pre-Moratorium value. This plainly violates the Court's order to "be more specific as to before-and-after values." *See* MTD Order at 8.

The FAC also continues to allege that the County must compensate Plaintiffs for delinquent rent, operating losses and legal fees, repair costs, emotional distress, and decreases in income and interest. FAC ¶¶ 54-58, 72-77, 86-93, 103-110, 119-126.[4] However, the Court already dismissed Plaintiffs' regulatory takings claims based on indistinguishable allegations precisely because they similarly failed to allege any impacts to *property value*. MTD Order at 6-8.

### B.  The FAC fails to sufficiently allege that the Moratorium had a severe impact on each of the remaining properties.

The FAC alleges that four properties suffered a decrease in property value, or lost some equity, as a result of the Moratorium. *See* FAC ¶¶ 55, 74, 91, 125. Despite asserting some change in property value, these allegations fail to state a *Penn Central* claim because they do not allege a sufficiently severe impact and are unsupported.

For all of the properties where the FAC does allege a change in property value, it alleges diminution of less than 50 percent. *See* Table, lines 1-3, 5; FAC ¶¶ 55, 74, 91, 125 (alleging decreases in value between 11.76 and 31.25 percent). However, to state a claim under *Penn Central*, Plaintiffs must allege facts showing that the Moratorium had a *dramatic* impact on the value of their properties. *Penn Central*, 438 U.S. at 124; *Colony*

---

[4] To succeed on their *Penn Central* claim, Plaintiffs must also establish that the Moratorium, and not an intervening factor, caused these alleged damages. *Penn Central*, 438 U.S. at 123 (Takings Clause compensates for "losses proximately caused" by government action. But many of the damages alleged by the FAC do not appear to be directly attributable to the Moratorium. For example, the FAC seeks compensation for alleged property damage caused by tenants and non-residents. *See, e.g.*, FAC ¶¶ 55 (alleging lost equity due to "squatter" living in unit), 74 (same), 91 (same), 125 (same), 121 (describing damage caused by unpermitted dogs). However, the Moratorium did not authorize tenants to damage premises or prevent Plaintiffs from suing tenants for breach of contract (MSJ Order at 17) or waste, nor did it preclude Plaintiffs from evicting "squatters" (*id.* at 18).

*Cove*, 888 F.3d at 451. As this Court has already held, there has been "no case in which a court has found a taking where diminution in value was less than 50 percent." MTD Order at 7-8; *Colony Cove*, 888 F.3d at 451 (citing *CCA Assocs. v. United States*, 667 F.3d 1239, 1246 (Fed. Cir. 2011)). Therefore, alleged diminutions under 50 percent cannot constitute a sufficiently severe impact on property values to state a takings claim.

Furthermore, the FAC alleges these bald conclusions about diminution in value without alleging any facts to show how Plaintiffs arrived at their conclusions. *See, e.g.*, FAC ¶ 55 ("they likely would have been able to sell it for as much as $800,000"). These conclusory allegations are insufficient to state a *Penn Central* claim. *See* MTD Order at 4 (plaintiff must allege "more than labels and conclusions" (citing *Twombly*, 550 U.S. at 555)).

The Court should therefore also dismiss the regulatory takings claims as to these four properties.

## II. The remaining *Penn Central* factors cannot save Plaintiffs' claims.

Because Plaintiffs have failed to allege a sufficiently severe impact to the value of *any* of the Plaintiffs' properties, Plaintiffs cannot prevail on their *Penn Central* claims, and this Court must dismiss them. *See* MTD Order at 7-8 (dismissing *Penn Central* claims based solely on inadequate allegations of economic impact); *Colony Cove*, 888 F.3d at 451; *Evans Creek, LLC*, 2022 WL 14955145, at *1. Regardless, neither of the remaining *Penn Central* factors—interference with reasonable investment backed expectations or the character of the governmental action—supports their claims.

Under the second *Penn Central* factor, courts evaluate the regulation's interference with a property owner's "distinct investment-backed expectation." The reasonableness of an expectation is assessed based on the "regulatory environment at the time of the acquisition of the property." *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 633-34 (9th Cir. 2020). The FAC alleges that the Moratorium interfered with each plaintiff's "investment-backed expectations" because they could not have "expect[ed] anything like the blanket Moratorium" despite that they "might have anticipated *some* future limits." FAC ¶¶ 59, 78, 94, 111, 127. But, the question here is whether such expectations were "objectively

14

reasonable*.*" *Colony Cove*, 888 F.3d at 452. As the FAC expressly acknowledges, Plaintiffs never had a reasonable expectation to be free from regulation of the landlord-tenant relationship, especially during a global pandemic. Indeed, as this Court held in rejecting Plaintiffs' Contract Clause claim, "the County's moratorium does not interfere with the landlords' reasonable expectations because there is a long history of regulations governing the landlord-tenant relationship and of Supreme Court cases upholding eviction moratoria." MSJ Order at 25 (citing *Block v. Hirsh*, 256 U.S. 135, 154 (1921), and *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 420 (1934)).

Plaintiffs have chosen to operate in the "highly regulated" industry of residential rental housing. *S. Cal. Rental Hous. Ass'n v. County of San Diego*, 550 F. Supp. 3d 853, 867 (S.D. Cal. 2021). Existing state and local laws regulate numerous aspects of the landlord-tenant relationship, including a landlord's remedies for breach of a lease agreement. *See*, *e.g.*, Cal. Civ. Proc. Code §§ 1159-1179a (establishing unlawful detainer proceedings); Cal. Gov't Code §§ 12900 et seq. (California Fair Employment and Housing Act); Cal. Civ. Code §§ 1941 et seq. (requiring conditions for human occupancy), 1946.2 (requiring just cause for terminating long-term tenancies); Cal. Health & Saf. Code §§ 17910 et seq. (State Housing Law), 26147-48 (requiring residential landlords provide written disclosures of health risks). Therefore, extensive prior regulation of this relationship and local government's broad authority to regulate housing and public health effectively put Plaintiffs on notice of future such regulation. *See Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 440 (1982) ("This Court has consistently affirmed that States have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular."); Cal. Gov't Code § 8630 (counties may proclaim local emergencies). In light of this long history of regulation, Plaintiffs should have reasonably expected that the County could enact housing protections in response to a global pandemic even if they could not have anticipated the COVID-19 pandemic itself. *See Elmsford Apt. Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148, 169 (S.D.N.Y. 2020) (upholding COVID-19 eviction moratorium and finding "past regulation

puts industry participants on notice that they may face further government intervention in the future"); *S. Cal. Rental Hous. Ass'n.*, 550 F. Supp. 3d at 862 (accord).

Moreover, the Moratorium limits its impact on Plaintiffs' expectations. Here, as in similar cases where courts have upheld COVID-19 eviction moratoria, the Moratorium "impact[ed] only the right to evict, and not the owners' right to continue to collect rents." *See S. Cal. Rental Hous. Ass'n.*, 550 F. Supp. 3d at 867; *Elmsford Apt. Assocs., LLC*, 469 F. Supp. 3d at 167-68 (moratorium "which does nothing more than defer the ability of the landlord to collect . . . rent. . . does not disrupt the landlords' investment-backed expectations"). The Moratorium also did not prevent Plaintiffs from suing for breach of contract or initiating Ellis Act evictions. MSJ Order at 17-18; County Code §§ 6.120.030(D)-(F), 6.120.040(D). Therefore, this second factor also weighs against finding a taking.

Plaintiffs also fail to allege facts to show that that character of the County's action supports finding a taking. When evaluating this factor, courts consider whether the government action is comparable to a physical invasion of property or "merely affects property interests through some public program adjusting the benefits and burdens of economic life to promote the common good." *Lingle*, 544 U.S. at 539. Here, the Court has already found that the Moratorium did not effect a physical taking and has dismissed Plaintiffs' per se takings claim. *See* MSJ Order at 13-20; MTD Order at 6. Consistent with established case law, the Court found that the Moratorium did not constitute "direct government appropriation or physical invasion of private property." MSJ Order at 13 (quoting *Lingle*, 544 U.S. at 537). The FAC does not include any new allegations about the nature of the Moratorium that change these conclusions.

At most, the Moratorium temporarily limited the availability of the unlawful detainer remedy in some circumstances. It did not "absolve tenants of their contractual obligation to pay back rent" and landlords could still seek to obtain unpaid rent by initiating a breach of contract action. MSJ Order at 17; *see* County Code §§ 6.120.030(D), 6.120.090(A). Additionally, the Moratorium expressly preserved landlords' ability to enforce other lease terms, initiate Ellis Act evictions, or exclude non-tenants from their properties. MSJ Order

at 17-18. In other words, the Moratorium regulated the landlord-tenant relationship by temporarily adjusting economic burdens to address impacts from the ongoing pandemic. *See id.* at 18-21. The character of such regulations does not support finding a taking. *See Rancho de Calistoga*, 800 F.3d at 1091 (finding rent control ordinance was "much more an adjustment of the benefits and burdens of economic life" (internal quotations omitted)); *MHC Finan. Ltd. P'ship*, 714 F.3d at 1128 (same).

## III.   The Court should not grant leave to amend.

A court should deny leave to amend where "amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011). Denial of leave to amend is particularly appropriate where the "court gave [p]laintiffs specific instructions on how to amend the complaint, and [p]laintiffs did not comply." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013); *see also Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (discretion to deny leave to amend is "particularly broad" where the court has already granted plaintiff leave to amend).

Plaintiffs have again failed to sufficiently state a claim despite having already had ample opportunity and time to do so, with clear direction from the Court. The Court previously found that Plaintiffs' allegations of lost income were insufficient and that, for their *Penn Central* claims to survive, "plaintiffs must be more specific as to before-and-after values." MTD Order at 7-8 (citing *Colony Cove*). But despite this specific direction, Plaintiffs have failed to state a cognizable claim. They had half a year following the Court's Order in which to do so. *See id.* (entered September 3, 2024); FAC (filed March 3, 2025). This was more than enough time to develop information about the Moratorium's effect on Plaintiffs' property values. Plaintiffs' repeated failure to state a claim for relief—especially given the substantial time they have had to do so—creates a strong inference that any further amendment would be futile. *See Salameh*, 726 F.3d at 1133 (upholding dismissal of second amended complaint without leave "because Plaintiffs have had ample opportunity to

properly plead a case and have failed to do so") (quotation marks omitted); *see also Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132 (N.D. Cal. 2020) (denying leave to amend where second amended complaint was deficient for the same or similar reasons as stated in the court's prior dismissal order). Allowing Plaintiffs to prolong this meritless suit would simply waste more public and judicial resources. The Court should not grant Plaintiffs any further leave to amend.

## CONCLUSION

For the reasons stated above, the County requests that the Court dismiss the FAC without leave to amend.

DATED: June 2, 2025            SHUTE, MIHALY & WEINBERGER LLP


By:    /s/Matthew D. Zinn
      MATTHEW D. ZINN
      EDWARD T. SCHEXNAYDER
      MINDY K. JIAN

Attorneys for Defendants and Respondents Alameda County and Alameda County Board of Supervisors

# APPENDIX

| # | Plaintiff | Address | Alleged lost equity | Percent Diminution | FAC ¶¶ | Defects |
|---|---|---|---|---|---|---|
| 1 | Allison Mitchell | 5855 Horton St., #524 | $105,000 | 13.12% | 55 | < 50%; No factual basis |
| 2 | Michael Hagerty | 6 Commodore Dr., #334 | $250,000 | 31.25% | 74 | < 50%; No factual basis |
| 3 | Rakesh and Tripti Jain | 336 Escobar St. | $200,000 | 11.76% | 91 | < 50%; No factual basis |
| 4 | H. Alex and Dannie Alvarez | 2919 Liberty Dr. | N/A | N/A | 108 | No diminution |
| 5 | Stephen Lin | 39901 Lindsay McDermott Ln. | $100,000 | 12.50% | 125 | < 50%; No factual basis |

MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 3:22-cv-02705-LB